## COMMONWEALTH *vs.* JAMES McGARRY.

Worcester.   October 2. — 30, 1883.   FIELD & W. ALLEN, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, the minutes of a vote of the selectmen, amended in court by permission of the judge, in the absence of the other selectmen, by one of the selectmen who acted as clerk of the board, so as to show a valid revocation of a license to sell intoxicating liquors issued by the selectmen to the defendant, are inadmissible in evidence to prove such revocation.

COMPLAINT to the Second District Court of Eastern Worcester, alleging that the defendant, on October 6, 1882, at Clinton, kept intoxicating liquors with intent unlawfully to sell the same in this Commonwealth. At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. W. Corcoran*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. The law does not require the selectmen of our towns to keep records of their proceedings, and does not provide for the appointment of a clerk who shall be sworn as clerk. It is convenient and probably common for boards of selectmen to keep minutes of their proceedings, but such minutes are not technically records, which, like public or judicial records, are independent and conclusive evidence of the facts therein stated.

In the case at bar, the government, in order to show a revocation of a license to sell intoxicating liquors issued to the defendant by the selectmen of Clinton, put in evidence the minutes of a vote of the selectmen revoking the license. This was admitted without objection by the defendant. But it appearing that the revocation thus shown was insufficient, the court permitted one of the selectmen, who acted as clerk of the board, to amend the minutes, in the absence of the other selectmen, so as to show a valid revocation; and, against the objection of the defendant, ruled that "the records amended as aforesaid" were competent, and "showed a proper and legal revocation." We think this was erroneous.

A clerk of a town or other similar organization, while in office, has the power to amend his record, and the record so amended cannot be controlled by parol evidence. This is upon the ground that he is a public officer appointed to keep the records and sworn to perform this duty, has the custody of the records, is presumed to know the fact in relation to which the amendment is made, and, if he states what is not true, he may be punished for fraudulent conduct in his office. *Halleck* v. *Boylston*, 117 Mass. 469, and cases cited. These reasons do not apply where one of the selectmen, by appointment of his associates, keeps the minutes of their proceedings. He does not keep a record required by law, and does not act under the sanction of an oath of office as clerk. He has not the power to make amendments of the minutes which will give them the character of records constituting independent and conclusive evidence. As the court appears to have given this conclusive effect to the so-called records as amended, we are of opinion that the defendant was aggrieved.          *Exceptions sustained.*