LYDIA J. ABBOTT vs. INHABITANTS OF NORTH ANDOVER.

Essex.    Nov. 4, 1887. — Jan. 4, 1888.    DEVENS & KNOWLTON, JJ.,
                                    absent.

Under the St. of 1875, c. 209, a town treasurer has no right, *virtute officii*, to give
   a new note of the town in renewal of an old note; and the town is not bound by
   his assurances as to his authority, or by any custom or usage on his part to act
   without authority.
If the holder of a valid promissory note, signed in behalf of the town by its treas-
   urer, surrenders it to the treasurer and takes from him a new note in renewal,
   on his assurance that he has authority to bind the town by the renewal, when,
   in fact, he has not such authority, the treasurer's conduct is not a fraudulent
   concealment by the town of the cause of action, within the Pub. Sts. c. 197, § 14,
   and an action cannot be maintained on the old note, which is not brought within
   six years after the cause of action upon it accrued.

CONTRACT.    Writ dated April 14, 1886.    The declaration
contained two counts.    The first count was on the following
promissory note :
   " $ 5400.                         North Andover, May 3, 1879.
   One year after date, for value received, the town of North
Andover, in the county of Essex and Commonwealth of Massa-
chusetts, by their treasurer duly authorized, promise to pay to
the order of Mrs. Lydia J. Abbott the sum of fifty-four hun-
dred dollars, with interest at the rate of seven per cent per
annum.    Andrew Smith, treasurer."
   The second count was on an account annexed for money lent
by the plaintiff to the defendant in the years 1872, 1873, 1875,
and 1876, with interest thereon.
   At the trial in the Superior Court, before *Hammond*, J., Asa
H. Abbott testified that, acting as the agent of the plaintiff, he
lent the money set forth in the second count to the treasurer of
the town of North Andover for the use of the town, the treas-
urer representing that he was authorized by the selectmen to
borrow the money, and that promissory notes were given by the
treasurer for the money so lent.    Abbott further testified, that
the amount stated in the note set forth in the first count was the
aggregate of the amounts of the previous notes, with interest,
and that when Smith gave that note he made the same represen-
tations as to his authority.

There was also other evidence, the nature of which appears in the opinion.

On all the evidence, the judge ruled that the action could not be maintained, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*W. S. Knox & J. C. Sanborn*, (*J. R. Poor* with them,) for the plaintiff.

*E. T. Burley & C. U. Bell*, for the defendant.

C. ALLEN, J. The note of May 3, 1879, cannot be supported as a valid indebtedness of the town. The St. of 1875, *c*. 209, which was then in force, provided that no debts should thereafter be incurred by any town, except, 1. for temporary loans in anticipation of the taxes for the year in which such debts are incurred, and of the year next ensuing, and expressly made payable therefrom by vote of the said city or town; 2. debts incurred by a vote of two thirds of the legal voters present and voting at a legal meeting; or, 3. debts contracted for purposes for which towns may lawfully expend money. The present note did not fall within either of these classes. It was given in place of similar notes held by the plaintiff in the various years from 1872 to 1876 inclusive. The plaintiff contends that the greater part of these earlier notes were given for money borrowed by the town prior to the passage of the St. of 1875, on legal votes of the town, and also that the last of these notes, given in 1876, was legal, and that, being legal obligations of the town, these formed a good consideration for the later note, and that the town treasurer had a right at their maturity to take them up, or pay them, by giving another note in place of them, or in some form to continue and renew the liability of the town to pay them. But, even assuming the premises, the difficulty with this argument is that the new note was a new and independent contract. It is nothing to say that it was founded on a good consideration. Debts founded on good considerations are within the prohibition of the statute. It is difficult to see how the town itself could give a new note in renewal of an old one, for borrowed money, without a two-thirds vote. But we need not go so far as that. Clearly, a town treasurer, *virtute officii*, has no right to give new notes in the place of old ones. His authority to bind the town springs only from legal votes of the

town; and he cannot enlarge his actual authority by assurances, whether made fraudulently or in good faith, as to the extent of it, or by any custom or usage to act without authority. *Agawam Bank* v. *South Hadley*, 128 Mass. 503, 506, and cases cited. A new note is a new contract, and, if valid, creates a new liability. It is not merely an admission of an existing debt, but it is the creation of a new liability. It has been often held or declared that this is beyond a partner's power, after dissolution. *Bell* v. *Morrison*, 1 Pet. 351, 373. *Hall* v. *Lanning*, 91 U. S. 160, 170. 1 Lind. Part. 408–412. Story Part. (7th ed.) § 322 and note. *Lumberman's Bank* v. *Pratt*, 51 Maine, 563. However this may be, a town treasurer has no such authority. *Lowell Five Cents Savings Bank* v. *Winchester*, 8 Allen, 109. The nature of his agency does not enable him to enter into contracts for his principal, unless specially authorized. The vote of the town in 1879 authorized him " to hire money for the use of the town when necessary, upon the approval of the selectmen." This had no reference to renewing existing notes. There is no aspect in which the note of May 3, 1879, can be upheld as valid.

This being so, all earlier indebtedness, if ever valid, is barred by the statute of limitations. There was no fraudulent concealment by the defendant of the plaintiff's cause of action, within the Pub. Sts. *c.* 197, § 14. Upon this point, it is sufficient to say that the town was not responsible for the fraud of its treasurer.						*Exceptions overruled.*