CHARLES F. JONES *vs.* GEORGE B. HOLDEN & another.

Suffolk.    November 11, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Contract*, Construction, Validity. *Condition. Nova Scotia. Evidence.*

The plaintiff, who had filed an application under the laws of Nova Scotia for a prospecting license covering certain mining lands in that province, agreed to sell his rights to the defendant for a certain price, and the defendant agreed to expend not less than $500 in development of the mines within a certain time and "to pay the government fees on said areas that may be necessary to renew them, so as to save all rights to [the plaintiff] during the term of this agreement." By the law of Nova Scotia the plaintiff had no right to prospect or to do anything upon the land until he had obtained a prospecting license, which could not be obtained until he had filed a bond required by statute for the protection of private landowners. Mining, including development work, without first having obtained a license was punishable criminally. After such a license had been obtained it could be transferred. The plaintiff filed no bond and obtained no license. The defendant did nothing, and the plaintiff sued him for breach of his agreement. *Held,* that the plaintiff had not performed the condition on which alone an obligation of the defendant could arise, that the defendant legally could make no expenditure in development until the plaintiff had filed a bond and obtained a license, and that there was no obligation of the defendant to pay government fees for renewal of rights, because until a license was issued there was nothing to renew.

A contract to expend a certain sum of money within a certain period in the development of certain mines in Nova Scotia under authority merely of an application for a prospecting license, the statutes of that province making it a criminal act to do any such work before a license has been issued, cannot be enforced, and evidence of a general custom in Nova Scotia to violate the law in this particular is incompetent.

CONTRACT for breach of an agreement in writing concerning certain mining rights in Nova Scotia. Writ in the Municipal Court of the City of Boston dated October 12, 1901.

On appeal to the Superior Court the case was tried before *Maynard,* J., who ordered a verdict for the defendants. The plaintiff alleged exceptions.

The contract declared upon was as follows:

" Memoranda of an agreement made this twenty-fifth (25th) day of January, 1901, between C. F. Jones of Newton Highlands, Mass., on the one part, and George B. Holden and Samuel K. Paige, both of Boston, Mass., on the other part.

"Said Jones holds one hundred and two (102) gold areas situate at Island Falls (so called) in the Mill Village Gold District in Queen's County, Province of Nova Scotia, to include all gold areas held by said Jones in said district, there being one hundred and two (102) more or less.

"Now in consideration of one dollar paid to me in hand, I, said Jones, agree to sell and transfer all of my right and title in and to said areas, to said Holden and Paige, upon them, the said Holden and Paige, paying to me, said Jones or my heirs, one thousand ($1,000) and to pool for me four thousand (4,000) shares of stock of any company or stock corporation that may be formed to purchase and work said property, and such other property acquired by such a company, to be delivered to me at such time as other pool stock is delivered, provided the capital stock of said company shall not exceed one hundred thousand, ($100,000) and for every hundred thousand dollars added to said capital of one hundred thousand, I, said Jones, is to have three thousand (3,000) shares more to be delivered as above. Said shares to be of the par value of one dollar ($1.00), and said Holden and Paige to pay the government fees on said areas that may be necessary to renew them, so as to save all rights to said Jones in this regard during the term of this agreement. And said Holden and Paige, or their assigns, shall have six (6) months to prospect and develop said areas, from the date of this instrument, and the said six months to pay said one thousand dollars ($1,000) and if the said Holden and Paige, or their assigns do not pay said one thousand dollars ($1,000) within said six (6) months, said property shall revert to said Jones, with all development work done on the same. Said Holden and Paige to expend five hundred dollars ($500) in development.

"Said Holden and Paige accept said proposition and agree to expend not less than said five hundred dollars ($500) in development.

"Said five hundred dollar ($500) development may be done on any of the said Jones' areas, or on any areas which may be consolidated with said Jones' areas. Said development to commence on or before the first day of May, 1901, and to be continued. Charles F. Jones, Geo. B. Holden, Sam. K. Paige. Witness, Isaac F. Jones."

*F. S. Elliot,* for the plaintiff.

*J. H. Devlin, Jr.,* for the defendants.

KNOWLTON, C. J. The decision of this case turns on the construction of a contract in writing, for breach of which this action is brought. Apparently neither the plaintiff nor the defendants ever did anything under the contract after it was signed. The breaches alleged were that the defendants failed to expend $500 in the work of development, prospecting for gold upon the areas referred to in the writing, and failed to pay fees to the government on these areas to renew the plaintiff's rights. The Revised Statutes of Nova Scotia which were put in evidence, are important in testing the validity of the plaintiff's claims. All the rights the plaintiff had when the contract was made, or at any time afterward, grew out of his applications for a prospecting license for these areas, and his payment of the fee required by statute to be paid on the filing of such applications. He had *no right to prospect or to do anything upon the land until he should first obtain a prospecting license.* The words " to mine," are defined in the statute in such terms as plainly to include the development mentioned in the contract. Rev. Sts. Nova Scotia, 1900, c. 18, § 2. Mining without first having obtained a lease or license is punishable criminally under the statute. § 32. A license could not be obtained under the plaintiff's application without his first filing a bond with two sureties for the protection of private landowners, substantially in the form prescribed by the statute. § 157. After obtaining such a license, it could be transferred under the statute, but until the license should be issued, the plaintiff had no legal right which he could transfer.

The contract to expend not less than $500 in the development of the mines, if it is to be construed to require such development by the defendants with no other pretence of authority than the plaintiff's application, was a contract to perform a criminal act, which cannot be enforced.

Evidence from the plaintiff's witness that there was a general custom in Nova Scotia to violate the law in this particular, was incompetent. If the fact were as the plaintiff offered to prove, it would not put upon the defendants a legal obligation to do that which was forbidden by the statute under a penalty.

If the contract is to be given validity it can only be upon the construction that there was an implied understanding that the plaintiff should give the bond with sureties and obtain the license, without which the defendants could legally do nothing, and that the defendants should then go on under his authority. Inasmuch as no one but the plaintiff had a legal right to do this, and as he did nothing, the conditions did not arise which might have put upon the defendants the obligation to expend this money.

The same condition applies to the stipulation that the defendants shall " pay the government fees on said areas that may be necessary to renew them." The only provision in the statute for the renewal of rights of this kind is for the renewal of a license. § 36. There is no provision for the extension of an application beyond the year within which the license was issued. Until the license was issued there was nothing to renew, and no license was ever issued.

*Exceptions overruled.*