PIERRE N. BRUNELLE *vs.* LOWELL ELECTRIC LIGHT
CORPORATION.

Middlesex.    January 11, 1907. — February 28, 1907.

Present: KNOWLTON, C. J.; MORTON, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations*, By-laws and ordinances. *Evidence*, Materiality, Opinion.
*Negligence. Electricity.*

The question, whether the violation of a city ordinance in regard to the installation
of wires by failing to notify the inspector of wires of an intended extension of
electric light wires in a building and to obtain a permit for such extension con-
tributed to an accident caused by a shock of electricity from the wire of such
extension, if there is evidence on the subject, is a question of fact to leave
to a jury.

Upon the question whether injuries from a shock of electricity received from an
electric light wire in a building were caused by the violation of a city ordinance
in failing to notify the inspector of wires before installing the wire or to obtain
a permit for doing so, it is not permissible to show that the inspector of wires
in such cases allowed the ordinance to be violated by not requiring notice or
that when he received such a notice he neglected to perform his duty of
inspection.

In an action against an electric light corporation for personal injuries from a shock
of electricity received from a portable electric light attached to a wire which the
plaintiff had installed in his cellar as an extension from the wires in his shop
above in violation of a city ordinance which required him to notify the inspec-
tor of wires of the intended extension before beginning work on it and to obtain
a permit for its installation, both of which he failed to do, it is error for the
presiding judge to permit the inspector of wires to testify that in a case like
this, where wires already were installed and an extension was to be made, it
was not his practice to require an application to be made or a permit to be
obtained before the current was turned on, that when he received a notice in
such a case, if he thought there was no question about the contractor or about
the premises, he did not go to examine the premises but relied on the notice,
and that in the present case he knew the contractor employed by the plaintiff
and that he stood well in his business; and it is further error for the judge to
instruct the jury that in determining whether the plaintiff was negligent in not
obtaining a permit they might consider the practice of the inspector not to
grant permits, and that in determining whether the plaintiff's violation of the
ordinance contributed to the happening of the accident they might consider
whether the inspector if he had received the proper notice would have inspected
this wire.

The inspector of wires of a city, appointed under an ordinance of the city estab-
lishing an inspection of wires department, cannot be allowed to testify to his
opinion that it is not the duty of any person other than himself to enforce the
provisions of the ordinance, the construction of the ordinance being a question
of law.

TORT by the proprietor of an apothecary shop on East Merrimack Street in Lowell against a corporation maintaining an electric light plant in Lowell and furnishing electricity for light, heat and power, for personal injuries from a shock of electricity received when taking hold of a portable cord to carry an electric lamp to a part of the cellar under the plaintiff's shop. Writ dated December 7, 1903.

At the first trial of the case in the Superior Court before *Wait,* J. the jury returned a verdict for the plaintiff in the sum of $4,995, and exceptions taken by the defendant were sustained by this court in a decision reported in 188 Mass. 493. There was a new trial before *Stevens,* J. It appeared that the plaintiff employed one Hinckley to make an extension of the wiring in his shop to carry it into the cellar, where an electric lamp was attached to the end of a flexible cord which when not in use was kept suspended upon a hook. It was admitted that the wiring was not installed in accordance with the terms of an ordinance of the city of Lowell approved on July 26, 1899, establishing an inspection of wires department. That ordinance contained, among others, the following provisions :

" Section 9: In no case shall a current of electricity be connected to any system of wiring or apparatus intended to be used for power or lighting without permission being first obtained and a written permit granted by the inspector of wires ; the jurisdiction of the inspector is intended to include all public and private electrical systems that are now and may hereafter be installed in the city of Lowell. . . .

" Section 10: No person or corporation shall change the position or make additions to any wiring system or install any new work or electrical apparatus without first notifying the inspector and he given full opportunity to inspect the same before such work is completed, and when any electric wires designed to carry an electric current or power current are to be concealed the inspector must be notified before work is commenced, and he shall give his permission and approval for all such work and connections immediately unless in his judgment such apparatus or wiring endangers life or property or is not in accordance with the laws and ordinances or in conformity with the established insurance rules.

" Section 11 : The inspector shall require that the established Rules and Regulations of the National Board of Fire Underwriters shall be complied with both for outside and interior construction."

" Section 14 : Whoever violates or fails to comply with any of the provisions of this ordinance after being duly notified in writing by the inspector shall forfeit and pay for each offence not less than ten nor more than twenty dollars."

The inspector of wires of the city of Lowell was called as a witness by the plaintiff, and, subject to the objection and exception of the defendant, gave the testimony as to his practice under this ordinance and as to his exclusive duty to enforce it which is stated in substance in the opinion.

At the close of the evidence the defendant asked the judge to make certain rulings, twenty in number.   Some of these rulings the judge made either wholly or in a modified form in instructions given to the jury.   The others he refused, but the questions raised by their refusal have been made immaterial by the decision of this court sustaining the exceptions to the admission in evidence of the testimony of the inspector of wires and the instructions of the judge in regard to it.

The judge submitted to the jury two questions in writing as follows :

1. Did the violation of the city ordinance by the plaintiff contribute toward the accident?

2. Did the failure of the plaintiff to notify the inspector of the extension of the wires before the work was commenced and to obtain a permit, in accordance with the city ordinance contribute toward the accident ?

To both questions the jury answered " No."   They returned a verdict for the plaintiff in the sum of $5,500.

The defendant filed a motion in writing that the verdict be set aside, and that the special findings of the jury on the two questions submitted to them be not received by the court, because they involved and called .for the finding of the jury upon questions of law, and because they were contrary to and not supported by the evidence in the case.   The judge denied the motion.

To this denial, as well as to the admission of evidence, the

rulings and the refusal of rulings above mentioned, the defendant alleged exceptions.

*W. H. Bent,* for the defendant.

*J. J. Hogan,* for the plaintiff.

SHELDON, J.    In our opinion, upon the special findings made by the jury, the plaintiff would be entitled to retain his verdict if there was no error in the admission of evidence or in the instructions upon which those findings were made.    But we are of opinion that there was such error.

There was, to say the least, evidence upon which the jury might have found that the plaintiff, in putting into his cellar the wire and appliances for a portable light, violated §§ 9, 10 and 11 of the ordinances of the city of Lowell, in that he failed to notify the inspector of wires of the intended extension before the work was begun and did not obtain a permit for such extension, and did not comply, in making the extension, with the rules and regulations of the national board of fire underwriters; and that this conduct of the plaintiff was the cause of the accident which happened.    In view of the penalty imposed by § 14 of the ordinance, the presiding judge rightly ruled that the plaintiff could not recover if he had thus acted in violation of the ordinance and such violation had contributed to the accident.    *Brunelle* v. *Lowell Electric Light Corp.* 188 Mass. 493. But as bearing upon the latter question he permitted the inspector of wires, against the exception of the defendant, to testify that in a case like this, where wires were already installed and there was simply an extension made, it was not his practice to require an application to be made and a written permit obtained before the current was turned on, but to make such requirement only where there was a new installation; that in the majority of cases where the work was exposed, he did not go to examine the premises, but relied on his notice; that if he thought there was any question about the contractor or the premises he would make it his business to get there; that he knew Hinckley, the contractor who did this work, and that he stood well in his business.    He further testified at considerable length to the same effect.    That this evidence was introduced to excuse the plaintiff for not having seasonably made application and secured a permit from the inspector is shown by the fact that the

judge in his charge called the attention of the jury to the testimony, and instructed them that in determining whether the plaintiff was negligent in not having obtained a permit, they might consider the practice of the inspector at that time not to grant permits, if they so found ; and also allowed them, in passing upon the question whether the plaintiff's violation of the ordinance contributed to the happening of the accident, to consider whether the inspector, if he had received the proper notice, would have inspected these wires, fuses and apparatus, and have required them to conform to the standard of the rules and regulations of the national board of fire underwriters. In our opinion this was erroneous, and was prejudicial to the defendant ; for the special findings of the jury may have rested entirely upon this testimony of the inspector of wires.

The practice which the inspector testified that he had adopted was certainly contrary to the terms of the ordinance, and was unlawful. The jury should not have been allowed to speculate upon the question whether the inspector, if he had received proper notice from the plaintiff, would have neglected to perform his duty. This was wholly an immaterial question. *Jones* v. *Holden,* 182 Mass. 384. *Pickering* v. *Weld,* 159 Mass. 522. *Abbott* v. *North Andover,* 145 Mass. 484. *Commonwealth* v. *Perry,* 139 Mass. 198. *Cutter* v. *Howe,* 122 Mass. 541. The recognized principle that in dealing with ancient instruments and transactions, where doubtful words are used, where the purpose and intent are obscurely expressed, the acts and conduct of the parties, immediately following, are to be regarded as the best expositors of the meaning intended, (*Cambridge* v. *Lexington,* 17 Pick. 222, 230,) is inapplicable here. And see further *Geyser-Marion Gold-Mining Co.* v. *Stark,* 106 Fed. Rep. 558 ; *Consolidated Coal & Mining Co.* v. *Floyd,* 25 L. R. A. 848.

The testimony of the inspector of wires to his opinion that it was not the duty of any person other than himself to enforce in the city of Lowell the provisions of the ordinance which has been mentioned, ought not to have been received. It was for the court and not for the witness to construe the ordinance.

As the other questions raised upon the bill of exceptions are

not likely to be presented in the same form at another trial, we do not deem it necessary to consider them in detail. We have not found any errors beyond those stated which would appear to be sufficient to warrant us in setting aside the verdict.

*Exceptions sustained.*