FRANKLIN SAVINGS BANK *vs.* INHABITANTS OF FRAMINGHAM.

Middlesex.    March 12, 1912. — May 24, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Municipal Corporations, Officers. Bills and Notes. Estoppel. Words, "Corporation."*

Before the enactment of St. 1910, c. 616, a town clerk had no duty whatever to perform in regard to notes of the town, and representations made by a town clerk before the passage of that statute that a certain note purporting to be the note of the town was a binding obligation, and a letter from him stating that the note was "correct in every particular," relying upon which a holder in good faith purchased the note, do not estop the town in an action brought against it by such holder from showing that the alleged note was not executed according to law because the signatures upon it of a majority of the selectmen were forged by the treasurer.

A town treasurer has no authority to bind the town by his indorsement of a note as treasurer in the name of the town.

In R. L. c. 73, § 59, relating to the indorsement of a negotiable instrument by a fiscal officer of a bank or corporation, the word "corporation" does not include a town or city.

No custom or usage can enlarge the authority of a town treasurer beyond the limits prescribed by statute.

CONTRACT by a savings bank against the town of Framingham as the maker and as the indorser of an alleged promissory note for $25,000 dated October 29, 1908, and payable on October 15, 1909, which is described in the opinion. Writ dated September 1, 1910.

In the Superior Court the case was tried before *Bell*, J. The facts which appeared at the trial are stated in the opinion. At the close of the evidence and when certain agreements as to the facts had been made by the parties, the judge ordered a verdict for the defendant, and by agreement of the parties reported the case and

the questions of law arising therein for determination by this court.

*M. Storey,* (*R. G. Dodge* with him,) for the plaintiff.

*A. Hemenway & E. H. Abbot, Jr.,* (*T. W. Proctor* with them,) for the defendant.

RUGG, C. J.  This is an action of contract upon a promissory note of which the plaintiff is a holder for value in good faith before maturity.  The note is in due form and purports to be signed by the treasurer of the defendant and countersigned by a majority of its board of selectmen.  The issuance of such a note had been authorized by vote of the defendant.  A note duly authorized and issued is valid if signed by the treasurer of a town and countersigned by a majority of its selectmen.  R. L. c. 27, § 9.  The signatures of the selectmen upon this note were forged by the treasurer, and the proceeds of the sale of the note were stolen.  This is the only defense to the action.  It is plain that because of the forgeries the note was not executed according to law.  The plaintiff seeks to hold the defendant as maker on the ground that it is precluded from setting up the forgery by reason of representations made by its town clerk orally and in writing to the plaintiff to the effect that the note was a binding obligation of the defendant.  Upon the note was a copy, in substance, of the article in the town warrant and a vote of the town meeting authorizing the borrowing of money.  The town clerk also wrote to the plaintiff's treasurer that the note "is correct in every particular."  Thereafter, the plaintiff purchased the note.  The town clerk is not by statute or by-law of the defendant the official keeper of the records of the board of selectmen.  There was evidence tending to show that the town clerk acted as "clerk to the selectmen," for which he received a small salary.  But this did not constitute him legal custodian of its records.  By R. L. c. 35, § 11, the board of selectmen was required to designate some person as its clerk and the evidence was uncontroverted that Herbert W. Damon, one of the selectmen, was so designated and attested its records.  The town clerk did not attend the meetings of the selectmen, but copied the minutes made by Damon into a record book of the selectmen.  This shows that the relation of the town clerk to the selectmen was that of scribe or copyist and not official record keeper or custodian of records.

The board of selectmen having as official clerk one of their own

number, the records were probably as matter of law in his custody for the time being and not in that of the town clerk. Moreover, it has been held that the minutes of the proceedings of selectmen are not town records. *Commonwealth* v. *McGarry,* 135 Mass. 553. *Attorney General* v. *Eastern Railroad,* 137 Mass. 45, 49. But in this instance the town clerk did not make a certified copy of any vote of the selectmen. He undertook to state a conclusion of law to the effect that the note was correct in every particular. That is something utterly beyond his power to do. It is his duty to record the votes of the town, but he is not required to insert in his records statements of facts or opinions which are not properly matters of record and if in this respect he goes beyond his duty, his statements do not bind the town. *Judd* v. *Thompson,* 125 Mass. 553.

The rule laid down in the Supreme Court of the United States is that a holder in good faith may assume that a certificate on the face of the note or bond, issued by a municipality, of the existence of the necessary facts precedent to its valid issuance, made by the officers charged with the duty of ascertaining those facts, is true, and that the maker will be held accordingly. *Warren* v. *Marcy,* 97 U. S. 96, 104. *Coloma* v. *Eaves,* 92 U. S. 484. *Evansville* v. *Dennett,* 161 U. S. 434, 443. *Gunnison County Commissioners* v. *Rollins,* 173 U. S. 255, 265. *Presidio County* v. *Noel-Young Bond & Stock Co.* 212 U. S. 58. *Sherman County* v. *Simons,* 109 U. S. 735. *Comanche County* v. *Lewis,* 133 U. S. 198. These decisions do not reach the case at bar for the town clerk was not charged officially with the ascertainment of any facts touching this note. But it has been held with equal consistency and force by the same court that if the officers of the municipality are not clothed by law with authority to determine and certify the facts upon which validity of the obligations rest, then the municipality is not bound by their statement. Moreover, the limitations of power which inhere in the officers of New England towns as compared with town and county officers in other parts of the country, have been recognized by that court. *Dixon County* v. *Field,* 111 U. S. 83, 94. *Northern Bank* v. *Porter Township,* 110 U. S. 608, 617. *Bloomfield* v. *Charter Oak Bank,* 121 U. S. 121, 129. *Daviess County* v. *Dickinson,* 117 U. S. 657.

The town clerk had no duty whatever to perform as to notes of the town. His signature was not required in order to validate

such notes. He was not bound by law to keep a record of notes issued. No legal obligation rested on him concerning its notes. The first statute which imposed any duty in this regard was St. 1910, c. 616, enacted since the events here under review. So far as he is the custodian of records, he is required to give certified copies. But he gave no certified copies in this instance, upon which the plaintiff relies in this aspect of its case. St. 1907, c. 343, as amended by St. 1909, c. 201, requires the original or copy of all contracts executed in behalf of a city to be filed with the city clerk. It is not necessary to discuss how far a city may be estopped to deny the validity of notes, copies of which are thus made a part of its public records, for that statute does not apply to towns. Unauthorized statements by town officers and those not made in the performance of some duty do not bind the town and are not admissible in evidence against it. *Burgess* v. *Wareham*, 7 Gray, 345. *Lowell Five Cents Savings Bank* v. *Winchester*, 8 Allen, 109. *Abbott* v. *North Andover*, 145 Mass. 484. *Brown* v. *Newburyport*, 209 Mass. 259.

The plaintiff seeks to hold the defendant as indorser of the note. It purports to have been made by the town of Framingham "To the order of its Treasurer." It bore upon its back the indorsement "John B. Lombard, Treasurer, Town of Framingham." Lombard had no authority to bind the defendant by his indorsement of a note. His authority to impose a financial obligation by way of incurring indebtedness is strictly limited by the statute. He had no power by virtue of his office as treasurer to make the town a responsible party on commercial paper. *Smith* v. *Cheshire*, 13 Gray, 318. *Agawam National Bank* v. *South Hadley*, 128 Mass. 503. *Bradlee* v. *Warren Five Cents Savings Bank*, 127 Mass. 107. *Benoit* v. *Conway*, 10 Allen, 528. *Wormstead* v. *Lynn*, 184 Mass. 425.

The negotiable instruments act confers no authority upon a town treasurer to impose such liability upon his town. "Corporation" as used in R. L. c. 73, § 59, does not include cities and towns. *Donohue* v. *Newburyport*, 211 Mass. 561, and cases there cited. *Linehan* v. *Cambridge*, 109 Mass. 212.

No custom or usage can go to the extent of enlarging the authority of a town treasurer beyond the limitations prescribed by statute. *Wormstead* v. *Lynn*, 184 Mass. 425. *Abbott* v. *North Andover*, 145 Mass. 484. Evidence upon this point was excluded rightly.

*Judgment on the verdict.*