INHABITANTS OF WINTHROP *vs.* NEW ENGLAND CHOCOLATE COMPANY & others.

Suffolk. December 2, 1901. — February 27, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Municipal Corporations,* Validity of by-law. *Equity Jurisdiction,* To enjoin a public nuisance.

St. 1894, c. 481, § 11, authorizing a town which has adopted that section to make by-laws regulating buildings "for the prevention of fire and the preservation of life" does not authorize a by-law undertaking to regulate offensive trades.

A town passed the following by-law : " No person shall, within one hundred feet of any other person's building or land, erect or use any building for a planing mill, wood-working establishment, hotel or public hall, or for any manufacturing or other hazardous business, without first obtaining a permit in writing from the selectmen, and no such permit shall be granted until after such notice to owners of adjoining property as the selectmen shall order, and after a hearing pursuant to such notice." *Held,* that this by-law was unreasonable and void, and was not authorized by St. 1894, c. 481, § 11, permitting a town which has adopted that section "for the prevention of fire and the preservation of life" to make by-laws regulating the construction and use of buildings within its limits.

A town cannot maintain a bill in equity, to restrain an establishment on the ground that it is a public nuisance, without showing that the town in its corporate capacity has suffered damage of a special nature.

BILL IN EQUITY by the inhabitants of Winthrop to restrain the defendants from manufacturing chocolate, cocoa and other like products at a certain wooden factory building in Winthrop without the written permit of the selectmen required by the provisions of a certain by-law of the town, also, to restrain the

defendants on the ground that their manufacturing business, for reasons set forth, was a public nuisance, filed January 25, 1901.

The defendants demurred to the bill and also filed an answer.

Among the causes of demurrer it was alleged, that the by-law relied upon was void as not authorized by any law of the Commonwealth and was repugnant to law, and that relief in equity, if any, upon the ground of a public nuisance could be had only by proceedings instituted in the name of the Attorney General.

The by-law alleged to have been violated was as follows: "No person shall, within one hundred feet of any other person's building or land, erect or use any building for a planing mill, wood-working establishment, hotel or public hall, or for any manufacturing or other hazardous business, without first obtaining a permit in writing from the selectmen, and no such permit shall be granted until after such notice to owners of adjoining property as the selectmen shall order, and after a hearing pursuant to such notice."

St. 1894, c. 481, § 11, provides, that a town which has adopted that section " may for the prevention of fire and the preservation of life, by ordinances or by-laws not repugnant to law and applicable throughout the whole or any defined part of its territory, regulate the inspection, materials, construction, alteration and use of buildings and other structures within its limits " with certain exceptions named.

In the Superior Court the demurrer was sustained and the bill dismissed with costs; and the plaintiff appealed.

*J. E. Abbott,* for the plaintiff.

*J. E. Young,* for the defendants.

HAMMOND, J. The only statute upon which the plaintiff relies for the authority to pass the by-law in question is St. 1894, c. 481, § 11. Assuming that the town by its acceptance of this section or preceding statutes was authorized to act under the section, the question is, whether the by-law is within the authority thereby conferred. The authority is to pass by-laws " for the prevention of fire and the preservation of life," to " regulate the inspection, materials, construction, alteration and use of buildings and structures." The statute has nothing to do with the regulation of offensive trades, but its clear purport is to confer the authority to regulate the things therein named

only so far as may be reasonably necessary to prevent fire and preserve life.

With this view of it we proceed to the examination of the by-law. It provides that " No person shall, within one hundred feet of any other person's building or land, erect or use any building for a planing mill, wood-working establishment, hotel or public hall, or for any manufacturing or other hazardous business, without first obtaining a permit in writing from the selectmen, and no such permit shall be granted until after such notice to owners of adjoining property as the selectmen shall order, and after a hearing pursuant to such notice." It will be observed, that it is broad enough to cover any building, no matter how small, if only large enough for any kind of manufacturing business, and no matter of what materials composed. A one story building of brick or stone cannot be erected or used by a person without a permit for a public hall, if within one hundred feet of any other person's building or even land. It cannot be necessary to multiply illustrations to show, that as an ordinance to prevent fire or preserve life it is beyond the authority conferred by the statute, and unreasonable. Nor is it any answer to say, that the whole matter is left to the selectmen, and that they may be presumed to act in a reasonable manner. It does not expressly or by necessary implication require them to adjudicate and determine, that it is necessary to prohibit the proposed erection and use for the prevention of fire or the preservation of life, but leaves them to act upon any reason whatever. It cannot be said that such a by-law is authorized by the statute. The bill, therefore, so far as founded upon it, cannot be maintained. *Newton* v. *Belger*, 143 Mass. 598.

Nor can the plaintiff prevail upon the ground that this establishment is a public nuisance. There are no allegations to show, that the town in its corporate capacity receives any damages of a special nature. *Needham* v. *New York & New England Railroad*, 152 Mass. 61, and cases therein cited.

*Demurrer sustained and bill dismissed.*