COMMONWEALTH *vs.* JAMES HAYDEN.

Middlesex.   January 16, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Municipal Corporations,* By-laws and ordinances.   *Statute,* Construction.   *Words,* "Construction," " Alteration."

R. L. c. 104, § 1, providing that any city, except Boston, which has accepted the provisions of that section, for the prevention of fire may " regulate the inspection, materials, construction, alteration and use of buildings," and may prescribe penalties not exceeding $100 for each violation of such regulation, does not authorize such a city to pass an ordinance regulating the repairing of roofs and imposing a maximum penalty of $100 for its violation.

RUGG, C. J.   The defendant was convicted * upon a complaint which charged him with the violation of an ordinance of the city of Somerville, in that he replaced upon a certain roof old shingles with new, without otherwise changing the roof.   The ordinance was as follows: " Whenever a roof covering, other than non-combustible, is hereafter replaced in whole or in part, the new roof covering shall be non-combustible to the satisfaction of said inspector, if as much as one third of the superficial area of the entire roof is replaced."   The maximum penalty for violation of the ordinance was $100.   It is plain that the ordinance was framed not under the general power of the city to enact ordinances, where the largest penalty authorized for an infraction is $20, but under the authority assumed to be conferred by R. L. c. 104, § 1, which had been accepted by the city of Somerville.   The primary question is whether it can be sustained under this statute.   The material portion of the

---

* At a trial before *Hardy,* J.   The case was submitted on an agreed statement of facts and the jury returned a verdict of guilty.   The defendant alleged exceptions.

statute is that any city, except Boston, for the prevention of fire, may "regulate the inspection, materials, construction, alteration and use of buildings" and may prescribe penalties not exceeding $100 for each violation of such regulation. This statute is a constitutional exercise of the police power. *Salem* v. *Maynes*, 123 Mass. 372.

The re-shingling of a roof theretofore shingled does not come within the enumeration of purposes set forth in this section of the statute. Re-shingling is simply a repair of an existing structure. It is not a "construction." This word in the connection in which it occurs means the erection of a new building or an addition to an old building. "Alteration" denotes a change or substitution in a substantial particular of one part of a building for a building different in that particular. See *Bigelow* v. *Worcester*, 169 Mass. 390. "Use" indicates the purposes for which the building may be occupied. "Materials" is a word of general signification, and must be interpreted as ancillary to the other more definite terms employed in the statute. It does not extend the scope of the act beyond the subjects otherwise designated. It refers to the materials to be employed in the construction and alteration of buildings. There is no word in this section of the statute which, properly construed with its collocation, comprehends repairs upon buildings. A legislative enactment of this kind, being penal in nature and in derogation of common right, is not to be enlarged beyond its plain import, and as a general rule is strictly construed. *Newton* v. *Belger*, 143 Mass. 598. *Commonwealth* v. *Maletsky*, 203 Mass. 241. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464.

This construction is confirmed by the terms of § 10 of the same chapter 104. This section confers jurisdiction in equity to restrain the "construction, alteration, maintenance or use of a building" in violation of an ordinance (thus repeating three of the words used in § 1), and also "the further construction, alteration or repair of a building," condemned as unsafe by a board of survey appointed under § 6. The omission of the word "repair" from one section and its use in another of a single statute regulating the same subject cannot be regarded as devoid of significance. The owner of a building which is unsafe might well be denied the right of repair, when the same right would not be withheld from the owner of a building sound and capable of prolonged

use with suitable repairs.   The Legislature may have thought that a repair of an existing building would not increase its liability to spread fire while unregulated construction or alteration of buildings might add materially to fire risk.   The language of R. L. c. 104, § 1, does not go to the extent of authorizing a city by ordinance to regulate a simple repair of an existing building.   It follows that a verdict of not guilty should have been directed.

*Exceptions sustained.*

*W. H. Best,* for the defendant.
*J. J. Higgins,* District Attorney, for the Commonwealth.

