MAX GOLDSTEIN *vs.* FRANK A. CONNER.

Middlesex.　March 6, 1912. — May 24, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Municipal Corporations,* By-laws and ordinances.

A city, which has accepted the provisions of R. L. c. 104, § 1, and by that section is authorized for the prevention of fire and the preservation of life to regulate by ordinance "the inspection, materials, construction, alteration and use of buildings and other structures within its limits," has no power to prohibit by ordinance the erection of any building for mercantile purposes without a license from the board of aldermen.

A provision in a building ordinance of a city that has accepted the provisions of R. L. c. 104, § 1, which is void because it exceeds the power of the city in prohibiting the erection of any building for mercantile purposes without a license from the board of aldermen but which is separable from other parts of the ordinance dealing generally with the subject of building regulation and inspection, does not render invalid a provision in the ordinance for the issuing by the building inspector of permits for the erection of buildings in accordance with plans and specifications which comply with the requirements of the ordinances of the city.

RUGG, C. J. This is a petition for a writ of mandamus* brought by a land owner in Malden to compel the building inspector of that city to issue to him a permit for the erection of a building. The city of Malden has accepted the provisions of c. 104 of the Revised Laws, whereby it might under § 1 "for the prevention of fire and the preservation of life, by ordinances . . . not inconsistent with law and applicable throughout the whole or any defined part of its territory, regulate the inspection, materials, construction, alteration and use of buildings and other structures within its limits." In reliance upon the authority assumed to have been conferred by this statute, the city of Malden passed two sections of an ordinance, which are printed in a footnote.†

---

\* Reported by *Braley,* J., for determination by the full court.

† Sec. 7. "All persons intending to erect a chimney of any kind or any building within the city shall first, before proceeding to erect the same, or to lay the foundations thereof, obtain a permit in writing from the inspector, except as provided in section 8."

Sec. 8. "No person shall erect or use any building for a planing mill, wood

The petitioner caused to be prepared a set of plans and specifications which complied with the ordinances of the city and which were filed with the respondent. The board of aldermen of the city gave a hearing to the petitioner on his application for a license to build upon his land a one story brick building to be occupied for mercantile purposes, and denied his application. It is not contended that the building, if built in accordance with the plans and specifications, would violate any regulation of the city as to material, location, size or construction. The respondent has refused to issue a permit to build on the ground that he is not authorized to do so until the board of aldermen have granted a license.

The case is in brief that the city of Malden has enacted an ordinance to the effect that no one can erect a building for mercantile uses without a license from the board of aldermen, and the board of aldermen refuse to grant such license when the proposed building complies in every respect with all building laws. Such an ordinance is beyond the scope of R. L. c. 104, § 1. The construction of buildings for mercantile purposes is a lawful use of property. It has no inherent tendency to impair the health or comfort of the people, or to increase unduly the risk of fire. It does not interfere with public peace, morality or safety. It is not a use of property which in the present state of society and of civilization can be absolutely prohibited in the cities and towns of the Commonwealth. Cases like *Newton* v. *Joyce,* 166 Mass. 83, *Commonwealth* v. *Parks,* 155 Mass. 531, *Quincy* v. *Kennard,* 151 Mass. 563, *Commonwealth* v. *Ellis,* 158 Mass. 555, *Belmont* v. *New England Brick Co.* 190 Mass. 442, and *Worcester Board of Health* v. *Tupper,* 210 Mass. 378, plainly are distinguishable.

The Legislature has ample power to regulate and to authorize cities and towns to regulate by general rules the materials, height, plans, manner of construction, exits, and other essentials of build-

working or carpentering establishment, or any building to be used in whole or in part for mercantile, or manufacturing purposes, or any stable for four or more horses, or for a public automobile garage, or for a hotel or public hall, without obtaining a license in writing from the board of aldermen, and thereafter obtaining a permit in writing in accordance with said license from the inspector and shall deposit plans and specifications thereof in the office of the inspector at the time of the application for the permit."

ings and the uses to which they may be put for the prevention of fires and guarding the safety of those who frequent them. R. L. c. 104, § 1, is a constitutional exercise of the police power. *Salem* v. *Maynes,* 123 Mass. 372. *Commonwealth* v. *Hayden,* 211 Mass. 296.

But this ordinance is not of that class. It has no legitimate tendency toward prevention of fires nor the preservation of life. It is an absolute prohibition of the construction of a mercantile building, except in pursuance of a license from the board of aldermen. It does not regulate the issuance of the license in accordance with any general principles. It furnishes no guide to which the municipal board may look for instruction, or to which the land owner may appeal for a determination of the correctness of his conduct. It purports to confer unrestrained power upon the municipal authorities to give or withhold the license by an arbitrary exercise of will and without reference to the property rights of the applicant or the excellence of the proposed building. It does not relate to inspection of buildings in process of construction, nor does it standardize designs or materials, nor establish any of the important details which affect the strength, inflammability, light, air or exits of the building. A use of property lawful in itself and having no essential tendency toward harm to the public, while it may be subject to reasonable regulation, cannot be made utterly dependent upon the unrestrained arbitrament of the board of aldermen. *Commonwealth* v. *Maletsky,* 203 Mass. 241, 248. *Durgin* v. *Minot,* 203 Mass. 26. *Newton* v. *Belger,* 143 Mass. 598. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464.

The question remains whether the respondent is required to issue the permit under these circumstances, when a part of the ordinance is invalid. Section 7 of the ordinance requires him to issue a permit for all buildings "except as provided in section 8." Section 8 requires the deposit of plans and specifications of all buildings comprehended within its terms with the inspector and the issuance of a permit by him in accordance with the license granted by the board of aldermen. These sections of the ordinance are the only ones before us, but it may be inferred from other facts in the record that they are parts of an ordinance dealing generally with the subject of building regulation and inspection. Applying to such an ordinance the principle resorted to in the interpretation of statutes that if the invalid portion is separable

from the other parts, so that they may stand independently of it, and valid and invalid are not so interwoven that it cannot be assumed that one would have been enacted without the other, we are of opinion that the ordinance may be regarded as subsisting and enforcible, save in the single respect pointed out. It is unlikely that a building ordinance would be enacted which did not contain provision for the ascertainment whether plans and specifications conform to its requirements, and for the determination whether the structure as built was in accordance with the plans and specifications.                    *Writ of mandamus to issue.*

D. *Stoneman,* (A. I. *Stoneman* & A. G. *Gould* with him,) for the petitioner.

H. L. *Boutwell,* (F. P. *Miller* with him,) for the respondent.