## EDWARD CAWLEY *vs*. NORTHERN WASTE COMPANY.

Middlesex.    March 10, 1921. — October 10, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Municipal Corporations*, By-laws and ordinances. *Electricity*. *Evidence*, Competency. *Pleading, Civil*, Specifications. *Practice, Civil*, Ordering verdict. *Landlord and Tenant*. *Fire*. *Waste*.

St. 1890, c. 404, § 3 (see now G. L. c. 166, §§ 32, 27), does not authorize the enactment by a city of an ordinance prohibiting the owner of a building from connecting a current of electricity with any system of wiring for light or power without a permit in writing from an officer named the inspector of wires and forbidding the inspector to issue such a permit unless "the established rules and regulations of the National Board of Fire Underwriters" shall have been complied with.

Neither St. 1890, c. 404, § 3 (see now G. L. c. 166, §§ 32, 27), nor Pub. Sts. c. 27, § 15 (see R. L. c. 25, §§ 23, 24; G. L. c. 40, §§ 21–33), empowers a city council to adopt by mere reference the rules and regulations of another and foreign body as the basis for determining the suitableness or safety of the insulation, attachments, supports or appliances for wiring designed to carry electric currents.

An ordinance which goes beyond the authority conferred by its enabling statute is invalid.

Sections 9, 10 and 11 of an ordinance of the city of Lowell, entitled, "An Ordinance establishing an Inspection of Wires Department and governing the same," approved July 26, 1899, providing in substance that no owner can connect a current of electricity with any system of wiring for light or power without a written permit from the inspector of wires and in effect forbidding that officer to issue such a permit unless "the established rules and regulations of the National Board of Fire Underwriters" shall have been complied with, are inextricably connected and all are invalid.

At the trial of an action of contract or tort by an owner and lessor of premises in Lowell against the lessee for loss by a fire, alleged to have been caused by negligence of the defendant, §§ 9, 10, 11 of the ordinance of Lowell above described and evidence tending to show that the lessee had installed electric wires without a permit from the inspector of wires and that the wiring failed to conform to the requirements of the ordinance, properly were excluded.

A specification of negligence filed by the plaintiff in the action above described was as follows: "The omission of the defendant to arrange the fixtures connected with the electric wiring on the premises to comply with the aforesaid ordinance and code, in that the switches in use were not of the oil type and were not enclosed in cabinets and were operated by the defendant, its employees, agents or servants in a careless, negligent and reckless manner." It appeared that the lease of the plaintiff to the defendant contained a covenant by the defendant that he would not make nor suffer any waste of the demised premises. The record stated that the plaintiff "offered to prove that the fire in the premises

was caused by the negligence of employees of the defendant while working for the defendant and in the course of employment by pulling out a fuse without shutting off the current of electricity; and that such conduct was reckless and hazardous owing to the nature of the work carried on in the building, the combustible material used by the defendant and its presence in quantities in the air, cotton waste;" and that the judge "excluded all the evidence offered and stated that the evidence of negligence is excluded because it is not the kind of negligence specified in the plaintiff's amended specifications." *Held*, that

(1) While the specification was not phrased with accuracy and its construction was clumsy, its concluding phrase charged negligence in a particular not dependent upon a mere violation of the "ordinance and code;"

(2) The concluding phrase of the specification set forth a breach of common law duty;

(3) Fire upon the premises caused by negligence of the lessee would be permissive waste and a violation of the covenant of the lease;

(4) It was error to exclude the evidence tending to show that the fire was caused by negligence of the defendant.

CONTRACT OR TORT, with a declaration in two counts, by the owner and lessor of premises on Phoenix Avenue in Lowell against the lessee for damages resulting from a fire upon the premises alleged to have been caused by the defendant. Writ dated November 17, 1919.

The plaintiff filed eight specifications, all but one of which were solely to the effect that the cause of the fire and loss to the plaintiff was a failure of the defendant to comply with the law and the ordinance of the city of Lowell, described below, and the rules and regulations of the national board of fire underwriters in the installing of electric wires upon the demised premises, therein referred to. The sixth specification is quoted in the opinion.

The action was tried in the Superior Court before *Fosdick*, J.

The record states that the plaintiff "offered to prove that the fire in the premises was caused by the negligence of employees of the defendant, while working for the defendant, and in the course of employment by pulling out a fuse without shutting off the current of electricity; and that such conduct was reckless and hazardous, owing to the nature of the work carried on in the building, the combustible material used by the defendant and its presence in quantities in the air, cotton waste;" and that the judge "excluded all the evidence offered and stated that the evidence of negligence is excluded because it is not the kind of negligence specified in the plaintiff's amended specifications."

Other material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

Sections 9, 10, 11 and 14 of an ordinance of the city of Lowell, entitled, "An Ordinance establishing an inspection of Wires Department and governing the same," approved on July 26, 1899, were as follows:

"Section 9. In no case shall a current of electricity be connected to any system of wiring or apparatus intended to be used for power or lighting without permission first being obtained and a written permit granted by the Inspector of Wires; the jurisdiction of the inspector is intended to include all public and private electrical systems that are now and may hereafter be installed in the City of Lowell.

"This ordinance is not intended to govern or call for the inspection of electric bell systems, private or public telephones inside of public or private buildings, or the interior apparatus or boxes of the fire alarm or police system of the city.

"Section 10. No person or corporation shall change the position or make additions to any wiring system, or install any new work or electrical apparatus without first notifying the inspector, and he given full opportunity to inspect the same before such work is completed; and when any electric wires designed to carry an electric light or power current are to be concealed, the inspector must be notified before work is commenced, and he shall give his permission and approval for all such work and connections immediately, unless in his judgment such apparatus or wiring endangers life or property or is not in accordance with the laws and ordinances, or in conformity with the established insurance rules.

"Section 11. The Inspector shall require that the established rules and regulations of the National Board of Fire Underwriters shall be complied with, both for outside and interior construction."

"Section 14. Whoever violates or fails to comply with any of the provisions of this ordinance after being duly notified in writing by the inspector, shall forfeit and pay for each offence not less than ten nor more than twenty dollars."

*W. D. Regan,* for the plaintiff.

*M. G. Rogers* (*A. S. Howard* with him), for the defendant.

RUGG, C. J. This is "an action in contract or tort" brought by the owner and lessor of a building against the lessee to recover damages arising from a fire in the demised premises during the term. The lease contained provisions authorizing the defendant as lessee to install motors and necessary wires for carrying the electric current for use in the building, the same to be and remain the property of the lessee. The defendant covenanted "not to make or suffer any waste of said premises."

The plaintiff offered in evidence an ordinance of the city of Lowell providing for an inspector of wires and purporting to regulate the inspection of wires used for electricity and other purposes. The offer was excluded. The vital parts of that ordinance are §§ 9, 10, 11 and 14. They are printed on page 542,*ante.* It was provided by St. 1890, c. 404, § 3, in force on July 26, 1899, when the ordinance in question was approved by the mayor (see R.L. c. 122, § 18, G. L. c. 166, §§ 32 and 27), that "Every city shall, by ordinance, designate or provide for the appointment of an officer who shall supervise . . . every wire within a building when such wire is designed to carry an electric light or power current; shall notify the person or corporation owning or operating any such wire whenever its attachments, insulation, supports or appliances are unsuitable or unsafe. . . ."

This statute does not authorize the enactment of an ordinance of the tenor of the three sections here assailed. By their terms no owner can connect a current of electricity with any system of wiring for light or power without a written permit from the inspector of wires. That officer is in effect forbidden to issue such a permit unless "the established rules and regulations of the National Board of Fire Underwriters" shall have been complied with. There is nothing in that statute nor in Pub. St. c. 27, § 15 (see R. L. c. 25, §§ 23, 24; G. L. c. 40, §§ 21–33), which empowers a city council to adopt by mere reference the rules and regulations of another and foreign body as the basis for determining the suitableness or safety of the insulation, attachments, supports or appliances for wiring designed to carry electric currents. *Commonwealth* v. *Staples,* 191 Mass. 384. *Brown* v. *Newburyport,* 209 Mass. 259, 266. The case at bar upon this point is within the authority of well established principles which have been elaborated in comparatively recent decisions and need not be repeated.

*Commonwealth* v. *Maletsky,* 203 Mass. 241. *Kilgour* v. *Gratto,* 224 Mass. 78.

An ordinance which goes beyond the authority conferred by the enabling statute is invalid. *Commonwealth* v. *Hayden,* 211 Mass. 296. *Goldstein* v. *Conner,* 212 Mass. 57.

It was assumed without discussion as a partial basis for decision in *Brunelle* v. *Lowell Electric Light Corp.,* 194 Mass. 407, that the ordinance here attacked was valid. No question there was raised in argument or otherwise as to the validity of the ordinance. The point was passed over in silence. Under such circumstances the decision does not stand as authority for any proposition not considered. No question having been made in that case as to the point here presented for decision, the court is not bound by what there was said concerning the binding nature of the ordinance. *United States* v. *More,* 3 Cranch, 159, 172. *Louisville Trust Co.* v. *Knott,* 191 U. S. 225, and cases there collected. *Swan* v. *Justice of the Superior Court,* 222 Mass. 542, 545. *Gibson* v. *Soper,* 6 Gray, 279, 284. See *McGlue* v. *County Commissioners,* 225 Mass. 59, 60.

Whatever might be said as to the validity of §§ 9 and 10 of the ordinance if they stood alone, it is plain that they are inextricably connected with § 11 and hence they all fall.

There was no error in excluding the ordinance and the offers of proof connected therewith.

It follows from what has been said concerning the vital sections of the ordinance that the several offers of proof as to the want of permit by inspector of wires, the failure of the wiring within the building to conform to the ordinance and the reason of the inspector for refusing to grant the permit, all were rightly excluded.

The plaintiff's declaration set out the tenancy for a term of years and alleged injury to him caused by the negligence of the defendant, its servants and agents. One of the specifications of negligence was of the tenor following: "The omission of the defendant to arrange the fixtures connected with the electric wiring on the premises to comply with the aforesaid ordinance and code, in that the switches in use were not of the oil type and were not enclosed in cabinets and were operated by the defendant, its employees, agents or servants in a careless, negligent and reckless manner." This sentence is not phrased with accuracy

and its construction is clumsy. At first sight it would seem that "The omission of the defendant . . . to comply with the aforesaid ordinance and code" was the whole fault charged and that all which follow the words "in that" were detailed statements of the particulars of the several omissions. It is manifest, however, that the concluding phrase, which charges careless, negligent and reckless operation of the apparatus, is not a particular in which the "ordinance and code" has not been complied with. The ordinance contains no provision respecting the operation of the wires and connections. No copy has been furnished us of the code of the National Board of Fire Underwriters existing when the ordinance became operative. It cannot be presumed that a "code" would contain a provision merely prohibiting careless, negligent and reckless operation of electrical apparatus. The natural purpose of such a code is to provide for a safe and proper installation of apparatus. These words of the specification state a common law obligation. They are not apt to express the normal purpose of a code. With some hesitation we interpret this concluding phrase of the specification as setting forth a breach of the common law duty.

The defendant had covenanted with the plaintiff in its lease not to make or suffer any waste of the demised premises. Therefore it would be liable to the plaintiff for injury caused to it by fire in the premises caused by its negligence. Such injury would be permissive waste for which as tenant for years the defendant would be responsible. *Lothrop* v. *Thayer*, 138 Mass. 466.

It follows that it was error to exclude evidence offered to show that the fire in the demised premises was caused by the negligence of the defendant.

The entry in writing made by the chief of the fire department as to the cause of the fire was rightly excluded. *Allen* v. *Kidd*, 197 Mass. 256, 259. *Jewett* v. *Boston Elevated Railway*, 219 Mass. 528.

*Exceptions sustained.*