COMMONWEALTH *vs.* BARNEY ATLAS.

Middlesex. January 3, 1923. — February 26, 1923.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Building Permit. Newton. Constitutional Law,* Police power. *Municipal Corporations,* By-laws and ordinances, Building permit.

Actual excavation for the cellar of a proposed building constitutes work on the "erection" and "construction" of a building within the provisions of a municipal ordinance requiring that before the "erection, construction or alteration of any building or parts of any building" certain detailed descriptions, copies and drawings shall be submitted to the building commissioner of the municipality.

G. L. c. 143, § 3, is a constitutional exercise of the police power.

An ordinance of the city of Newton providing that "Before the erection, construction or alteration of any building or part of any building . . . the owner or lessee, or agent of either, or the architect or builder employed by such owner . . . in connection with the proposed erection . . . shall . . . submit to the commissioner a detailed description of the location, purpose and construction of the proposed structure or work, on proper blanks to be furnished by the commissioner, and full and complete copies of the plans of such proposed work and such structural detailed drawings as the commissioner may require," had a rational connection with public welfare and was within the scope of G. L. c. 143, § 3.

A further provision of the same ordinance of the city of Newton, in substance that it "shall be the duty of the commissioner to approve or reject any plans filed with him . . . within a reasonable time, and . . . within ten days and no work shall be commenced until a permit is issued. . . ." providing no general rule, either to guide the landowner in selecting materials or designs for construction of his proposed building, or to govern the commissioner in reaching a determination whether to approve or reject the plans, and containing no provision for review by the courts or other higher authority of the absolute discretion thus attempted to be vested in the commissioner to prevent the landowner from erecting a proper building by refusing to issue a permit, is not within the scope of G. L. c. 143, § 3, and is invalid.

COMPLAINT, received and sworn to in the District Court of Newton on March 24, 1922, charging that the defendant on March 23, 1922, at Newton "did commence work on a building without having a permit so to do from the building commissioner of said Newton against the peace of said Commonwealth and contrary to the form of the statute in such case made and provided."

On appeal to the Superior Court, the complaint was tried before *Lawton,* J., upon an agreed statement of facts. Material facts are described in the opinion. The defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant then asked for the following rulings:

"1. On all the evidence the verdict should be not guilty.

"2. On all the evidence the ordinance upon which the complaint in this case is based is unconstitutional.

"3. The word 'work' as used in § 148 of the ordinance of the city of Newton, means 'work on a building.'

"4. The word 'work' as used in § 148 of the ordinance of the city of Newton, does not mean work done in preparing for the erection of a building.

"5. The burden is on the government to prove beyond a reasonable doubt that by his acts the defendant began to erect a permanent structure."

The rulings were refused. The defendant was found guilty and alleged exceptions.

Pertinent ordinances of the city of Newton were as follows:

Section 147. "Before the erection, construction or alteration of any building or part of any building, structure or part of any structure, wall or any platform or flooring to be used for standing or seating purposes, and before the construction or alteration of the plumbing or drainage system of any building, structure or

premises is commenced, the owner or lessee, or agent of either, or the architect or builder employed by such owner or lessee in connection with the proposed erection or alteration shall, except for 'ordinary repairs' as hereinafter defined, submit to the commissioner a detailed description of the location, purpose and construction of the proposed structure or work on proper blanks to be furnished by the commissioner, and full and complete copies of the plans of such proposed work and such structural detailed drawings as the commissioner may require."

Section 148. "It shall be the duty of the commissioner to approve or reject any plans filed with him, pursuant to the provisions of chapter 17 of the ordinances of the city of Newton within a reasonable time, and, except for a garage as hereinafter provided for, within ten days, and no work shall be commenced until a permit is issued; but no building shall be erected for or converted to use as a garage, unless the use of such building shall have been previously authorized by the board of aldermen; provided, however, that without such authorization, a building may be erected for or converted to use as a garage for not more than two automobiles to stand upon the same parcel of land as a dwelling house erected or in the process of erection owned or occupied by the applicant and not within five feet of any other building or of the line of any street or adjoining lot, if the written assent to such erection or use signed by all owners of real estate within fifty feet of such parcel has been filed by the applicant with the commissioner."

Section 385. "Whoever violates any of the provisions of this chapter of the ordinances shall be liable to a penalty of not more than one hundred dollars for each violation thereof."

Section 408. "No person shall erect any staging for building, or place or deposit any stone, bricks, timber or other building materials in any street or on any sidewalk, without first obtaining a written permit therefor from the street commissioner. All rubbish shall be promptly removed by such person, and in case of neglect the street commissioner shall cause it to be removed at the expense of such person."

The case was submitted on briefs.

*E. M. Dangel & J. T. Doherty*, for the defendant.

*E. P. Saltonstall*, District Attorney, *& L. Saltonstall*, Assistant District Attorney, for the Commonwealth.

Rugg, C.J. This complaint charges that the defendant commenced the erection of a building, without having first obtained a permit from the building commissioner of the city of Newton, in violation of ordinance. Agreed facts are that the defendant as a general contractor was employed to erect a block of seven brick stores by the owner of land in Newton, who first filed with the building commissioner plans therefor. The defendant thereupon placed batter boards and began with laborers and a steam shovel to excavate for cellars in accordance with such plans, and to place temporary wooden forms with the double purpose of prevention of caving and of serving as receptacles for concrete. No permit was issued for the erection of a building.

It was provided by ordinances for the city of Newton, in § 147 that "Before the erection, construction or alteration of any building or part of any building, . . . the owner or lessee, or agent of either, or the architect or builder employed by such owner . . . in connection with the proposed erection . . . shall . . . submit to the commissioner a detailed description of the location, purpose and construction of the proposed structure or work, on proper blanks to be furnished by the commissioner, and full and complete copies of the plans of such proposed work and such structural detailed drawings as the commissioner may require," and in § 148 that "It shall be the duty of the commissioner to approve or reject any plans filed with him . . . within a reasonable time, and . . . . within ten days and no work shall be commenced until a permit is issued. . . ."

Actual excavation for cellars of proposed buildings constituted work on the erection and construction of a building within the words of the ordinance. The making of foundations is as essential for a building as the fabrication of its walls. *Truesdell* v. *Gay,* 13 Gray, 311, 312. *Trinity Church* v. *Boston,* 118 Mass. 164. *Reid* v. *Berry,* 178 Mass. 260. *Clifton* v. *Watuppa Reservoir Co.* 243 Mass. 198, and cases there collected. *Jacobus* v. *Mutual Benefit Life Ins. Co.* 12 C. E. Green, 604, 606, 612, 617, 630. *Brooks* v. *Lester,* 36 Md. 65, 70. The case at bar is too plainly distinguishable in this particular from *Trask* v. *Searle,* 121 Mass. 229, 231, and cases like *Clark* v. *Lee,* 185 Mass. 223, to require discussion.

The statute under which the ordinance purports to have been

enacted is G. L. c. 143, § 3. It enacts that a city other than Boston "may, for the prevention of fire and the preservation of life, health and morals, by ordinances . . . consistent with law and applicable throughout the whole or any defined part of its territory, regulate the inspection, materials, construction, alteration, repair, height, area, location and use of buildings and other structures within its limits" with exceptions not here material. That statute is a constitutional exercise of the police power. *Salem* v. *Maynes*, 123 Mass. 372. *Storer* v. *Downey*, 215 Mass. 273. *Commonwealth* v. *Slocum*, 230 Mass. 180. *General Baking Co.* v. *Street Commissioners*, 242 Mass. 194.

It is plain that § 147 of the ordinance is within the scope of the enabling statute. The requirement for submission to a public officer of plans of proposed buildings showing location, size, material and details of construction has a rational connection with public welfare.

The next section of the ordinance, § 148, is not within the scope of the statute under numerous of our decisions. There is established by that section no general rule, either to guide the landowner in selecting materials or designs for construction of his proposed building, or to govern the commissioner in reaching a determination whether to approve or reject the plans; nor is there any provision for review by the courts or other higher authority of the absolute discretion vested in the commissioner to prevent the landowner from erecting a proper building by refusing to issue a permit.

The case at bar is governed upon this point by *Commonwealth* v. *Maletsky*, 203 Mass. 241, where the subject is discussed with convincing fullness by Mr. Justice Sheldon. To the same effect in substance are *Commonwealth* v. *Hayden*, 211 Mass. 296, *Goldstein* v. *Conner*, 212 Mass. 57, *Kilgour* v. *Gratto*, 224 Mass. 78, *Cawley* v. *Northern Waste Co.* 239 Mass. 540, and *Commonwealth* v. *Badger*, 243 Mass. 137. It is quite distinguishable from *Commonwealth* v. *McCarthy*, 225 Mass. 192.

Plainly the complaint is founded upon that part of § 148 of the ordinance, which is invalid under these decisions.

It follows that the request for a directed verdict in favor of the defendant ought to have been granted.

*Exceptions sustained.*