COMMONWEALTH *vs.* WALTER W. DIAZ.

Suffolk.    October 3, 1950. — December 4, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Constitutional Law,* Delegation of powers, Police power.   *Regulation.*
   *Penalty.   Airport.   Practice, Criminal,* Ordering verdict, Sentence.

The provisions of G. L. (Ter. Ed.) c. 90, § 50D, inserted by St. 1948, c.
   637, § 3, empowering the commissioner of airport management, subject
   to the approval of the State airport management board, to make rules
   and regulations "for the use, operation, and maintenance of state-
   owned airports" and to provide penalties for violation thereof not
   exceeding $500 for any one offence, are not an unconstitutional dele-
   gation of legislative power.
A regulation made under a constitutional delegation of legislative power
   must be reasonable.
A requirement of a regulation made with respect to the Logan Airport
   under G. L. (Ter. Ed.) c. 90, § 50D, inserted by St. 1948, c. 637, § 3,
   that the "operator of each taxicab or limousine in the proper line shall,
   at all times until engaged for hire, remain in the operator's seat and at
   the wheel of his vehicle, or outside and within six . . . feet of his
   vehicle," was not unreasonable.
A provision of regulations made under G. L. (Ter. Ed.) c. 90, § 50D, in-
   serted by St. 1948, c. 637, § 3, "for the operation of taxicabs, limousines,
   motor buses, and charter automobiles" at the Logan Airport, whereby
   a penalty not exceeding $500 was established for every violation of the
   regulations, was unreasonable with respect to one who violated a valid
   requirement of the regulations that the "operator of each taxicab . . . in
   the proper line shall, at all times until engaged for hire, remain . . .
   within six . . . feet of his vehicle."
Unreasonableness of a provision of certain regulations establishing a
   penalty not exceeding $500 for violation thereof required sustaining of
   an exception to the denial of a motion for a directed verdict of not
   guilty in a criminal prosecution for violation of a valid provision of the
   regulations, even though the violation was established by evidence;
   and it was immaterial that the fine imposed after a verdict of guilty
   was only $25.

COMPLAINT, received and sworn to in the East Boston
District Court on October 15, 1949, charging that the de-
fendant "being the operator of a taxicab at the Logan Air-
port and while the said cab was in its proper line and not

engaged for hire did then and there remain more than six feet from his said vehicle."

Upon appeal to the Superior Court, the case was tried before *Morley*, J., a District Court judge sitting under statutory authority.

In this court the case was submitted on briefs.

*M. I. Bearak & John F. Sullivan*, for the defendant.

*W. J. Foley*, District Attorney, & *John J. Sullivan*, Assistant District Attorney, for the Commonwealth.

SPALDING, J. On an appeal from a District Court to the Superior Court the defendant was tried and convicted on a complaint charging a violation of regulations governing the Logan Airport and was sentenced to pay a fine of $25. The regulations involved, which were introduced in evidence, read as follows: "Section I1 (13). The operator of each taxicab or limousine in the proper line shall, at all times until engaged for hire, remain in the operator's seat and at the wheel of his vehicle, or outside and within six (6) feet of his vehicle, and shall, at no time while outside his vehicle, obstruct vehicular or pedestrian traffic." "Section IV (3): Any person who violates the provisions of these rules and regulations, shall be subject to the penalty not exceeding five hundred ($500.00) dollars for any one offence." The regulations of which these are a part are entitled, "Rules and regulations for the operation of taxicabs, limousines, motor buses, and charter automobiles at General Edward Lawrence Logan Airport established by the State airport management board, pursuant to the provisions of chapter 637, acts of 1948."

The case comes here on the defendant's exception to the denial of his motion for a directed verdict. There was evidence which would warrant a finding that the defendant, an operator of a taxicab, violated the regulations in question. The defendant does not contend otherwise. The ground urged in support of his exception is that the statute from which these regulations stem is an unconstitutional delegation of legislative power. That statute so far as material reads as follows: "The commissioner shall make such rules

and regulations, subject to the approval of the board, for the use, operation, and maintenance of state-owned airports as he may from time to time deem reasonable and expedient, which may provide penalties for the violation of said rules and regulations not exceeding five hundred dollars for any one offence" (now G. L. [Ter Ed.] c. 90, § 50D). These provisions are part of St. 1948, c. 637, the title of which is "An Act changing the laws relative to state-owned airports in respect to their management, operation and maintenance and otherwise." The board referred to in the statute is the State airport management board. The commissioner mentioned therein is the commissioner of airport management. The commissioner is appointed by the board, with the approval of the Governor and Council, and is "responsible for general supervision of all state-owned airports" (now G. L. [Ter. Ed.] c. 6, § 59B).

That the Legislature cannot under our Constitution delegate its general power to make laws is so well settled that a citation of authorities is not necessary. That is especially true with respect to its power to define crimes and establish penalties therefor. See *Sheehan, petitioner,* 254 Mass. 342, 345. But one of the exceptions to or qualifications of that doctrine is that the Legislature may delegate to a board or an individual officer the working out of the details of a policy adopted by the Legislature. *Commonwealth* v. *Hudson,* 315 Mass. 335, 341–342, and cases cited. *Commonwealth* v. *Fox,* 218 Mass. 498, 500. "To deny this [power] would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and, must, therefore, be a subject of inquiry and determination outside the halls of legislation." *Field* v. *Clark,* 143 U. S. 649, 694. It is on this principle that ordinances and by-laws of municipalities and the regulations of various boards have been upheld. *Brodbine* v. *Revere,* 182 Mass. 598, 600–602. Of course such ordinances or regulations, to be valid, must be within the ambit of the enabling statute. *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464.

*Commonwealth* v. *Hayden*, 211 Mass. 296. *Commonwealth*
v. *Atlas*, 244 Mass. 78. The defendant makes no contention
that the substance of the regulations under consideration is
not within the scope of the delegated authority. The gist of
his argument is that the statute upon which the regulations
are based exceeds the limits of what may be lawfully dele-
gated. Here, it is argued, the statute went beyond author-
izing the commissioner and the board to work out the de-
tails of a policy adopted by the Legislature, and attempted
to delegate to them the power to declare what acts shall con-
stitute a criminal offence and to fix the penalties therefor.

Reading St. 1948, c. 637, as a whole, we are of opinion
that a sufficiently definite legislative mandate is laid down
so that the commissioner and board may constitutionally
fill in the details and that the authority delegated was not
excessive. The power granted to them to make such rules
and regulations "for the use, operation, and maintenance
of state-owned airports as he may from time to time deem
reasonable and expedient" is not essentially different from
the power granted by statute to the board of metropolitan
park commissioners which was upheld in *Brodbine* v. *Revere*,
182 Mass. 598. There the board was given authority to
"make rules and regulations for the government and use
of the roadways or boulevards under its care, breaches
whereof shall be breaches of the peace, punishable as such
in any court having jurisdiction of the same" (pages 599–
600). Other cases upholding similar delegations of power
to local governing bodies are *Commonwealth* v. *Plaisted*, 148
Mass. 375, *Commonwealth* v. *Slocum*, 230 Mass. 180, and
*Commonwealth* v. *Rice*, 261 Mass. 340.

The fact that the statute empowered the commissioner,
subject to the board's approval, to provide penalties for the
violation of the regulations did not render it invalid. This
is not a case where the statute authorized the commissioner
to fix such penalties as he saw fit. Had the statute attempted
to do that we have no doubt that it would have been an ex-
cessive delegation of power. See *State* v. *Curtis*, 230 N. C.
169; *People* v. *Ryan*, 267 N. Y. 133. But the statute here

did not do that; it empowered the commissioner, subject
to the board's approval, to "provide penalties for the viola-
tion of said rules and regulations not exceeding five hun-
dred dollars for any one offence." While the commissioner
could prescribe penalties he could do so only within limits
definitely prescribed by the Legislature.

In some instances where a local governing body or board
is authorized to make regulations the penalty is fixed by
the statute itself. See, for example, G. L. (Ter. Ed.) c. 90,
§ 20, fixing penalties for violation of regulations made by
the registrar of motor vehicles pursuant to G. L. (Ter. Ed.)
c. 90, § 31, and G. L. (Ter. Ed.) c. 111, § 5, as most recently
amended by St. 1945, c. 615, authorizing the department of
public health to establish rules and regulations. Statutes of
this type have uniformly been upheld as against the objec-
tion that the local governing body was enacting criminal
laws. *United States* v. *Grimaud,* 220 U. S. 506, and cases
collected in note 79 U. S. Sup. Ct. (L. Ed.) 474, 491–492.

But penalties attaching to the violation of regulations are
not always fixed in this manner. Frequently, as here, the
local governing body or board is empowered to prescribe
the penalties within limits prescribed by the Legislature.
See G. L. (Ter. Ed.) c. 40, § 21, authorizing towns to "affix
penalties for breaches . . . [of their by-laws] not exceed-
ing twenty dollars for each offence." The regulation upheld
in *Commonwealth* v. *Plaisted,* 148 Mass. 375, 380, authorized
the board to prescribe penalties "not exceeding twenty dol-
lars for each offence" for violation of its regulations. See
also the statutes involved in *Commonwealth* v. *Hayden,* 211
Mass. 296, 297, and *Commonwealth* v. *Atlas,* 244 Mass. 78
(authorizing cities and towns to prescribe penalties not ex-
ceeding $100 for each violation of certain ordinances or
by-laws); and *Commonwealth* v. *Rice,* 261 Mass. 340, 344
(authorizing cities and towns to prescribe penalties "not
exceeding twenty dollars" for the violation of ordinances
regulating carriages and vehicles). Thus it would appear
that the practice of authorizing a municipality or board to

fix penalties within definite limits is one of long standing in this Commonwealth and we know of no case decided by this court where it has been held to be objectionable.[1]

It is true that in the instances mentioned above the power to prescribe penalties was within narrower limits than those granted here. It is one thing to give to a board or municipality power to fix penalties not in excess of $20 or even $100 and quite another to empower it to fix them up to $500. The authority which may be granted to a local governing body to fix penalties, even when a maximum limit is prescribed, is not unrestricted. Such bodies cannot be granted a roving commission to establish within broad limits such penalties as they see fit. That is essentially a legislative power which cannot be delegated. The question is one of degree. The "use, operation, and maintenance of state-owned airports" could conceivably necessitate rules and regulations relating to much more hazardous activities than those arising from the operation of taxicabs and limousines. The power to determine penalties granted to the commissioner here goes to the very verge of what is permissible, but we are not prepared to say that it crosses the line.

While the statute is not invalid, for the reasons discussed above, we are disposed to hold otherwise with respect to the regulation here involved, or at least so much of it as prescribes the penalty. Where authority is granted to a local governing body to work out the details of a legislative policy — even the broad authority given here: to make such rules and regulations "as . . . [the commissioner] may from time to time deem reasonable and expedient" — the power must not be exercised arbitrarily. In other words, the rules and regulations must be reasonable. See *Winthrop* v. *New England Chocolate Co.* 180 Mass. 464; *Commonwealth* v. *Maletsky,* 203 Mass. 241; *Commonwealth* v. *Badger,* 243 Mass. 137; *Druzik* v. *Board of Health of Haverhill,* 324 Mass. 129; *Commonwealth* v. *Carpenter,* 325 Mass. 519.

[1] The Supreme Court of California, however, in *Harbor Commissioners of Eureka* v. *Excelsior Redwood Co.* 88 Cal. 491, held that the Legislature could not delegate to a board the power to prescribe penalties not in excess of $500 for violation of its regulations.

Here it cannot be said that that portion of the regulation which defines the offence is unreasonable. The vice of it lies in that part which fixes the penalty. Had the Legislature intended that a penalty not to exceed $500 was to attach to every violation of the regulations to be promulgated it would have said so and would not have delegated, as it did here, the power to provide the penalty. In view of the numerous types of activities that must necessarily be regulated, and the wide difference in the seriousness of the various offences, it is reasonable to suppose that the Legislature contemplated that the penalties would not be the same for all offences and that the commissioner and board would exercise a reasonable and sound discretion in prescribing punishment that would fit the crime. This duty was not discharged here. By section IV (3) of the regulation the commissioner and board have in effect said that every violation, irrespective of its seriousness, shall carry a penalty not exceeding $500. Thus the defendant in the case at bar, because he was more than six feet from his taxicab while it was in line, is subjected to that penalty. This we think is not reasonable and far exceeds penalties generally prescribed by the Legislature for cognate offences. See, for example, G. L. (Ter. Ed.) c. 90, § 20 (regulations of registrar of motor vehicles; fine of not over $25 for first offence); G. L. (Ter. Ed.) c. 45, § 24 (regulations relating to use of parks and playgrounds; fine not exceeding $20); G. L. (Ter. Ed.) c. 92, § 37 (regulations of metropolitan district commission; fine not exceeding $20); G. L. (Ter. Ed.) c. 40, § 22 (rules made by cities and towns for regulation of carriages and vehicles; fine not to exceed $20). While these statutes are not controlling they afford standards for guidance in determining what is reasonable. The unreasonableness of the regulation becomes even more apparent when one considers G. L. (Ter. Ed.) c. 127, §§ 144 and 146, which relate to imprisonment of a defendant for the nonpayment of fines. We do not undertake to say what penalty should be prescribed for the offence here involved. That duty rests with the commissioner and the board, and

is not a judicial function. We hold only that the regulation under consideration by reason of the penalty attaching to it was in excess of the commissioner's authority and is invalid.

We recognize that the defendant here was fined $25 rather than the maximum of $500, but that does not validate the conviction. The reasonableness of the regulation is to be tested by what can happen under it rather than by what actually did happen. See *Dexter* v. *Boston,* 176 Mass. 247, 251. The fortuitous circumstance that a reasonable penalty was imposed by the court did not render the regulation valid and deprive the defendant of his right to challenge it. We also recognize that the ground on which we have held the regulation invalid is not the ground urged by the defendant, but that is immaterial. In substance he has challenged the law under which he was convicted and he is entitled not to be sentenced on a law that is invalid.

It follows that the defendant's exception to the denial of his motion for a directed verdict must be sustained.

*So ordered.*