ADAM H. SMITH *vs.* DIVISION OF MARINE FISHERIES. January 16, 1979. In responding to the question reported to us, whether the statutes under which the temporary regulation at issue was adopted represented an unconstitutional delegation of legislative power, we assume (as apparently do the parties) that the question has not become moot by reason of the expiration of the regulation under its own terms on June 15, 1977. But see *Eve Corp.* v. *License Commn. for Worcester,* 372 Mass. 869 (1977), and cases cited. The plaintiff has fallen short of meeting his burden of proving the statutes' unconstitutionality. See *Landers* v. *Eastern Racing Assn., Inc.,* 327 Mass. 32, 44-45 (1951). The scope of the power to adopt the challenged regulation is clearly delineated by the pertinent language of G. L. c. 130, § 17A, inserted by St. 1962, c. 715, § 8 (to regulate "[t]he manner of taking fish"), and is sufficiently limited by the statement of purposes for which such a regulation may be promulgated in G. L. c. 130, § 17(10), as amended through St. 1971, c. 1104 ("for the maintenance, preservation and protection of all marine resources" within a prescribed geographical area), to bring it well within the legislative power to authorize administrative agencies to work out the details of a policy adopted by the General Court. See *Commonwealth* v. *Diaz,* 326 Mass. 525, 527-528 (1950), and cases cited. Without passing on the issue whether the second sentence of § 17(10) has been correctly interpreted as a further delegation of power to set fines within the prescribed ten thousand dollar maximum (no such issue having been raised by the reported question), we conclude that such a delegation was also within the power of the Legislature. *Commonwealth* v. *Diaz, supra* at 528-529. *Commonwealth* v. *Racine,* 372 Mass. 631, 635-636 & n.5 (1977). *Opinion of the Justices,* 375 Mass.795, 819 (1978). Therefore, we answer the question in the negative. Judgment is to enter in accordance with this opinion.

*So ordered.*

The case was submitted on briefs.
*Martin S. Cosgrove & Paul S. Carter* for the plaintiff.
*Ellyn R. Weiss,* Assistant Attorney General, for the defendant.